UNITED STATES BANKRUPTCY COURT`         Hearing Date and Time:
EASTERN DISTRICT OF NEW YORK        September 7, 2023 @ 10 a.m.
----------------------------------------------------------x   Objections Deadline
In Re                                 August 31, 2023

**Green Point Management Systems, LLC.,**     Case No.  23-71078-las
                    Debtor.                   **<u>NOTICE OF MOTION</u>**


----------------------------------------------------------x

      PLEASE TAKE NOTICE, that upon the annexed application, the United States Trustee – Region 2 will move this Court before the Hon. Louis A. Scarcella, United States Bankruptcy Judge of the United States Bankruptcy Court, The Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Room 970 Central Islip, New York on September 7, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an order under Bankruptcy Code section 1112(b) converting the above-referenced chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this chapter 11 case and for such other and further relief as may seem just and proper.

      Responsive papers shall be filed with the Clerk of Bankruptcy Court, 290 Federal Plaza, Central Islip, New York  11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect of any other Windows-based word processing format (with a hard-copy delivered to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black, Esq., no later than seven days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

      The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

DATED:     Central Islip, New York       WILLIAM K. HARRINGTON
          August 9, 2023            UNITED STATES TRUTEE  REGION 2
                              The Alfonse D'Amato Federal Courthouse
                              560 Federal Plaza
                              Central Islip, New York
                              Telephone  631  715 7800


                            By:  <u>s/*Christine H. Black*_____</u>
                                Christine H. Black
                                Assistant United States Trustee

1

UNITED STATES BANKRUPTCY COURT      Hearing Date: Sept. 7, 2023 at 10:00 a.m.
EASTERN DISTRICT OF NEW YORK      Objection Deadline:  Aug. 31, 2023
--------------------------------------------------------x
In re

**Green Point Management Systems, LLC**

                 Debtor.
--------------------------------------------------------x

Chapter 11
Case No. 23-71078-las

### NOTICE OF MOTION SEEKING ENTRY OF AN ORDER ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 1112(b), DISMISSING THE WITHIN CHAPTER 11; OR IN THE ALTERNATIVE, CONVERTING THE WITHIN CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE**, that upon the annexed application of Christine H. Black, Esq. , the United States Trustee will move before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at his Courtroom 970, at the Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11772 on the 7th day of September 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard, seeking entry of an order under Bankruptcy Code section 1112(b) dismissing the within chapter 11 case, or in the alternative, converting the within chapter 11 case to a  case under chapter 7 of the Bankruptcy Code and for such other and further relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE**, that effective July 10, 2023, all matters before Judge Scarcella will be conducted in person in Courtroom 970, unless otherwise ordered by the Court.  Any party in interest may, for good cause, request that a hearing be conducted telephonically by filing with the Court and serving on all affected parties a letter setting forth the justifications for such request at least seven (7) days prior to the scheduled hearing. The Court will consider any such requests on a case-by-case basis, based on the particular facts and circumstances of the case. If an opposing party files an objection and the hearing is in person, the

opposing party must appear in person. The Court may also *sua sponte* alter the format of any given hearing from an in-person format to one conducted by telephone based on the particular facts and circumstances of the case, or factors external to the particular case such as weather conditions or public health concerns.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a CD Rom, preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black, Esq., at Christine.H.Black@usdoj.gov no later than objection deadline set forth above.

The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

DATED: Central Islip, New York
August 8, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE REGION 2
Office of the United States Trustee
Alfonse D'Amato U.S. Courthouse
560 Federal Plaza
Central Islip, New York 11722
(631) 715-7800

By: s/ Christine H. Black
Christine H. Black
Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT`
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In Re

**Green Point Management Systems, LLC,**

                    Debtor.

-------------------------------------------------------------x

Hearing Date and Time:
Sept. 7, 2023 at 10 a.m.
Objection Deadline:
August 31, 2023

Case No. 23-71078-las

### APPLICATION IN SUPPORT OF MOTION UNDER BANKRUTPCY CODE SECTION 1112(b) SEEKING ENTRY OF AN ORDER CONVERTING THE WITHIN CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRTUPCY CODE; <u>OR IN THE ALTERNATIVE, DISMISSING THE WITHIN CASE</u>

TO:    **THE HONORABLE LOUIS A. SCARCELLA;
       UNITED STATES BANKRUPTCY JUDGE**:

          **WILLIAM K. HARRINGTON**, the United States Trustee for Region 2 (the

"United States Trustee"), by his counsel, Christine H. Black, Esq., in furtherance of his

responsibilities under 28 U.S.C. §586 (a)(3) and (5) in support of his application seeking entry of

an order under 11 U.S.C. §1112(b) converting the within chapter 11 case to a case under chapter

7 of the Bankruptcy Code, or alternatively, dismissing this case, represents and alleges as

follows:


                    <u>PRELIMINARY STATEMENT</u>

          Green Point Management Systems, LLC (the "Debtor"), filed its petition alleging

that it was reorganizing.  During the almost six months that the Debtor has been in chapter 11,

the Debtor has removed two State Court Actions (hereinafter defined), involving the adjudication

of state contract disputes into the Bankruptcy Court, and filed monthly operating reports

demonstrating no business activity.  The bulk of the Debtor's liabilities consists of potential

4

counter-claims, two of which are related to the State Court Actions. The Debtor's case should be dismissed or converted to a case under chapter 7 because the case was filed for an improper purpose and there is no reorganization that is in process. The longer the Debtor remains in chapter 11, the greater the accrual of administrative expenses. It is respectfully requested that the United States Trustee's motion under Bankruptcy Code section 1112(b) be granted in its entirety.

## **FACTS**

1.      On March 29, 2023 (the "Filing Date") the Debtor filed a bare bones voluntary petition under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code) (ECF Docket No. 1).

2,      The original filing was incomplete on the Filing Date, so the Clerk of the Court issued a notice of deficiency requiring the Debtor to file by March 29, 2023: a List of Creditors Pursuant to E.D.N.Y. LBR 1007-3; its Affidavit Pursuant to E.D.N.Y. LBR 1007-4; a list of the 20 Largest Unsecured Creditors; a Corporate Resolution Pursuant to E.D.N.Y. LBR 1074-1(a); Corporate Ownership Statement Pursuant to FBR 1007(a)(1); Corporate Disclosure Statement Pursuant to FBR 1073-3. In addition, the Debtor was directed to file by April 12, 2023, the following documents: Disclosure of Compensation of Attorney for Debtor under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (Official Form 2030); Summary of Assets and Liabilities for Non-Individuals Official Form 206Sum; Schedules A/B, D, E/F, G, H; Declaration Under Penalty of Perjury for Non-Individual Debtors Official Form 202; List of Equity Security Holders; and Statement of Financial Affairs Non-Ind Form 207 (ECF Docket No. 3).

3. The Debtor is represented by Ilevu Yakubov, Esq., of the Law Firm of Jacobs PC ("Counsel").

4. The United States Trustee was unable to appoint an official committee of unsecured creditors.

5. No trustee or examiner has been appointed and the Debtor remains in possession of its assets as a debtor in possession.

6. The Court scheduled an Initial Case Conference for April 13, 2023, and the United States Trustee scheduled an initial section 341(a) First Meeting of Creditors (the "341 Meeting") for May 1, 2023 (ECF Docket Nos. 2 and 4). The 341 Meeting was adjourned to May 24, 2023.

7. On April 12, 2023, the Debtor filed a Motion to Extend the Deadline to File schedules, and on April 26, 2023, the Debtor filed a Second Motion to Extend the Deadline to file Schedules. On April 28, 2023, the Debtor filed its Schedules, its Statement of Financial Affairs (the "SOFA"), and its List of Equity Security Holders (See ECF Docket Nos. 19, 20, and 21).

8. According to its Schedule A/B the Debtor's assets consist of accounts receivable totaling approximately $10 million, a 12 percent membership interests in each of two entities, HR Associates LLC and MISF LLC, $10,000 in miscellaneous material, office equipment and computers valued at $10,000, collectables valued at $10,000 and an interest in suite 106 at 231 Norman Avenue, Brooklyn, valued at $550,000 (the "Unit"). According to the Debtors Statement of Financial Affairs ("SOFA"), the Unit is the subject of a pending foreclosure action (See SOFA ECF Docket No. 20 at Part 3, question 7). The Debtor also disclosed that it has an interest in three additional causes of action: *the Debtor v. Howard*

*Rosengarten & Associates LLC et al.,* valued at $7,050,000 (hereinafter defined); the *Debtor v. Gerald Rosengarten* valued at $3 million, (hereinafter defined), and the *Debtor v. Elie Tahari,* valued at $710,000., and a breach of contract claim again 231 Norman Avenue condominium board valued at $120,000 (See SOFA ECF Docket No. 20 at Part 3, question 7).

9.      The Debtor scheduled two secured creditors:  Charles Feit in the amount of $200,000 as having a security interest in collateral valued at zero; Columbia Capital Co., as the holder of a mortgage against the Unit in the approximate amount of $315,000; and Facto King LLC as a contingent, unliquidated, and disputed creditor, having a security interest valued as zero, as against collateral valued at zero (See ECF Docket No. 19)

10.     The Debtor's schedule E/F lists various taxing authorities, all are scheduled as contingent, unliquidated, and disputed creditors, with their claims listed in unknown amounts (See ECF Docket No. 19).

11.     With respect to non-priority creditors, the Debtor's schedule E/F lists 14 creditors.  Except for RealTegrity, which was listed as unliquidated and disputed in the amount of $14,854 for common area charges related to the Unit, all of the scheduled unsecured creditors were listed as contingent, unliquidated, and disputed.  Eight of the creditors were described as having potential counterclaims against the Debtor.  The remaining creditors were described as trade creditors, with the exception of Green Point Energy Inc., which was described as "Debtor's predecessor." (See ECF Docket No. 19).

12.     According to the Debtor's SOFA, the Debtor has had no income since January 1, 2022 (See SOFA at Part 1, question 1 ECF Docket No. 20).  The SOFA also indicates that the Debtor is party to four lawsuits, a foreclosure action pending in Kings Supreme by the

mortgagee with respect to its lien against the Unit, and three actions pending in the New York Supreme Court for the County of Suffolk (See SOFA ECF Docket No. 20 at Part 3, Question 7).

13.     According to the SOFA, Counsel was paid $1,738 in connection with the filing (See SOFA at Part 6, question 11 ECF Docket No. 20).  After numerous revisions, Counsel's retention application was approved on July 19, 2023 (See ECF Docket No.  47).

14.     On May 30, 2023, the Debtor filed two notices of removal of the State Court Actions to the Bankruptcy Court (ECF Docket Nos. 24 and 25).  A review of the State Court Actions, specifically, *Green Point Management Systems, LLC v. Gerald Rosengarten* now assigned Adv. Pro. Nos 23-08035-las  and *Green Point Management Systems LLC, individually and derivatively on behalf of Nominal Defendants HR Associates LLC, MISF, LLC and Mastic Industrial Solar, LLC*, now assigned Adv. Pro. No. 23-08037-las, (individually, the "Gerald Rosengarten Action" and the "Howard Rosengarten Action," collectively, the "State Court Actions")-  are based upon verified complaints signed on March 28, 2023 and March 29, 2023, respectively --  the day before the Filing Date and the Filing Date. [1]

15.     According to the Debtor's May 11, 2023 Notice of Removal filed with respect to the Gerald Rosengarten Action "Green Port seeks to recover damages for breach of an agreement between Gerald Rosengarten and Green Point" (see Notice of Removal Adv. Pro. 8-23-08035-las ECF Docket No. 1 at paragraph 5).  Similarly, the Notice of Removal filed with respect to the Howard Rosengarten Action states at paragraph 6 thereof that "Green Point was significantly under compensated in breach of certain agreements between Green Point and Rosengarten . . . Green Point is owed a minimum of $1.25 million for unpaid services under a

---

[1] The Gerald Rosengarten State Court Action was commenced on December 23, 2022 by the filing of an Amended Summons with Notice (See Adv. Pro. No. 8-23-08035-las ECF Docket No. 1 at Ex A), the index number for the Howard Rosengarten State Court Action was apparently purchased on March 6, 2023 (See Adv. Pro No. 8-23-08037-las, ECF Docket No. 1)

consulting agreement." (See Notice of Removal Adv. Pro. No. 8-23-08037-las ECF Doc. No. 1 at paragraph 6).

16.     Moreover, according to the state court complaint filed in the Gerald Rosengarten Action, there is no diversity as both the plaintiff and the defendant are domiciled in Suffolk County, in the State of New York (See Notice of Removal Adv. Pro No. 8-08035-las ECF Docket No. 1 at Exhibit A, paragraphs 8 and 9).  Similarly, with respect to the Howard Rosengarten Action there is no diversity as all of the parties are domiciled in the County of Suffolk or Nassau in the State of New York (See Notice of Removal Adv. Pro No. 8-23-08037-las, ECF Docket No.  1 at Exhibit 1, paragraphs 14 through 19, and 35).  The Debtor's schedule E/F lists as liabilities, the defendants' potential counter-claims in relation to the Gerald and Howard Rosengarten State Court Actions.

17.     On June 29, 2023, the Court entered an order establishing August 15, 2023, as the last date for filing claims, and September 25, 2023, as last day for governmental units to file a claim. (ECF Docket No. 39).

18.     On June 28, 2023, based upon an emergency motion filed by 231 Norman Condominium seeking approval of an agreement between the Debtor and the Condominium to permit access to the Unit to perform emergency foundational repairs (the "Access Agreement") (ECF Docket No. 45), the Court approved the Access Agreement.  On July 19, 2023, the Condominium filed a second emergency motion seeking enforcement of the Access Agreement. The Condominium argued that the Debtor breached the Access Agreement and requested the Debtor return the $8,400 previously paid to it under the Access Agreement.   During a hearing on July 27, 2023, the Court directed the Debtor comply with the Access Agreement.

19. The Debtor has filed its May and June 2023 monthly operating reports. According to the May 2023 report, filed on July 26, 2023, the Debtor's opening bank balance was $50, to which was added $400, from an undisclosed source. Thereafter, the Debtor made $48 in disbursements, including $4.34 at McDonalds and $3.27 at Duane Reade, resulting in ending balance of $202 (See ECF Docket No. 56). According to the June 2023 Monthly Operating Report, also filed on July 16, 2023, the Debtor's opening bank balance was $202, once again, the Debtor received $400 from an undisclosed source, disbursed $200 (which consisted of $122.50 for an ATM withdrawal, $28.50 for a LIRR ticket, and $41 for Lyft rides). According to the June 2023 Monthly Operating Report the Debtor's closing balance is $402 (See ECF Docket No. 57).

20. No plan of reorganization or disclosure statement has been filed. On July 16, 2023, the Debtor filed a motion now returnable on August 24, 2023, seeking to extend the Debtor's exclusive period within which to file a plan of reorganization and solicit acceptances (ECF Docket No. 58).

**APPLICABLE LAW**

**The Removal of the State Court Actions to the Bankruptcy Court was for an Improper Purpose**

21. In the instant case, the Debtor removed two State Court Actions to the District Court, which referred the actions to the Bankruptcy Court for adjudication. The Debtor signed the complaint in the Gerald Rosengarten Action one day before the Debtor filed its bankruptcy case. The complaint in the Howard Rosengarten Action was signed on the same day

the Debtor filed its bankruptcy case. As such, the removal of the State Court Actions were not pending for any significant time in the state court.

22. Both State Court Actions seek the determination of state law contractual rights. According to the Supreme Court's decision *In Northern Pipeline Construction Co. v. Marathon Pipe Line Co*., 458 U.S. 50, 102 S.Ct. 2858 (1982) (plurality opinion), a bankruptcy court cannot hear and determine a reorganizing debtor's suit against a third party seeking damages for alleged breaches of contract and warranty, as well as for alleged misrepresentation, coercion, and duress. In *Stern v. Marshall*, 564 U.S. 462, 469, 482, 131 S.Ct. 2594, 180 L.Ed.2d 275 (2011), the Supreme Court held that bankruptcy courts lack authority to issue final judgment in some "core proceedings. " Post *Stern*. " . . .the threshold determination is whether the bankruptcy court has the constitutional authority to issue a final judgment *McCord, as Tr. of Estate of Haniff, v. Government Employees Ins. Co.*, 2023 WL 4209542 at *4 (E.D.N.Y June 27, 2023) citing *Picard, Tr. For Liquidation of Bernard L. Madoff Inv. Sec. LLC, v. Greiff*, 617 B.R. 198, 203 (S.D.N.Y. 2020 (citations omitted); *Lehman Bros. Holdings Inc. v. Standard Pac. Mortg., Inc.*, No. 19-CV-4080, 2019 WL 7593628, at *1 (S.D.N.Y. Aug 23, 2019); *Thaler*, 525 B.R. at 585.

23. Prior to the Supreme Court's decision in *Stern*, the Second Circuit in *Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993), (holding that a debtor's action on a pre-petition breach of contract claim against a party who has not filed a proof of claim is non-core), directed that a district court must first determine whether a matter is core or non-core in determining a motion to withdraw the reference. Subsequent to the Supreme Court's decision in *Stern,* a district court opined in connection with a motion to withdraw the reference, that "[T]he Second Circuit has not addressed how the *Orion* factors should be adjusted given the Supreme

Court's holding in *Stern*," *Roman Cath. Diocese of Rockville Ctr. N.Y. v. Arrowood Indem. Co.,* 2021 WL 1978560 at * 3 (S.D.N.Y. May 17, 2021). After pointing out that some courts replaced *Orion's* core versus non-core determination with *Stern's* three-prong test, the Court in the *Diocese of Rockville Ctr* case opted to use the second approach, of using the original *Orion* factors but adding the *Stern* test as a further inquiry " . . . because understanding the bankruptcy court's ultimate authority has an impact on the remaining factors*." Id.* at *3 (cited omitted).

24.      Consequently, the Court in the *Diocese of Rockville Ctr.* granted the motion to withdraw the reference finding that even if the claim was deemed core, the bankruptcy court lacked final adjudicative authority unless the defendant filed a proof of claim, the rights being adjudicated were public, rather than private, and the parties consented to having the bankruptcy court enter the final judgment *Roman Catholic Diocese of Rockville Ctr, supra*. at * 4-5 and determined that the other *Orion* factors:  judicial efficiency, uniformity, the parties' jury trial rights, and the prevention of forum shopping supported the request *Id.,* at *8-11.

25.      Specifically, the *Diocese of Rockville Centre* Court determined that adjudication of contractual rights was a quintessential state common law claim, and adjudication of a contract antecedent to the filing of the bankruptcy case and claims for pre-petition contract damages are usually non- core, and that the defendant had not filed a proof of claim *Diocese of Rockville Centre, supra* at *4-5.  The Court also reasoned that the bankruptcy court would be limited to proposing findings of fact and conclusions to be used in a district court's *de novo* review which would be inefficient, that the bankruptcy case was relatively new and the court would be unlikely to have familiar understanding of the issues and claims *Id.* at *9, that there were no bankruptcy issues, and therefore this factor was neutral, nor were there any indications of forum-shopping *Id* at * 10-11.

26.     Using the framework the Court applied in the *Diocese of Rockville Ctr.* case, it is submitted that State Law Actions seek to adjudicate pre-petition contract rights and damages and are, therefore, non-core matters. The defendants, as of August 7, 2023, had not filed Proofs of Claim.  In addition, while there is no reorganization in process, the bankruptcy case was recently filed, and it would be inefficient to litigate the State Court Actions in the bankruptcy court. Since the State Court Actions present no bankruptcy issues, there is no need to seek uniformity of issues and this factor is neutral.  However, the removal motions and the facts surrounding the commencement of the State Court Actions, wherein the complaints were signed either on the day before or on the same day that the bankruptcy case was filed, evidence forum-shopping.

27.     Such activity by the Debtor demonstrates a misuse of the Bankruptcy Court's jurisdiction, thereby evidencing "bad faith," and it is submitted based upon the other operative facts, establishes cause warranting the dismissal or the conversion of the Debtor' case.

**Cause Exits under Bankruptcy Code section 1112(b) Warranting the Conversion or the Dismissal of the Debtor's Case**

28.     The Bankruptcy Code at §1112(b) provides that on the request of a party in interest, and after notice and a hearing, the "court shall convert a case to a case under chapter 7 or dismiss under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."  11 U.S.C. §1112(b).  Section 1112(b)(4) of the Bankruptcy Code describes a variety of enumerated factors that may constitute "cause" for conversion or dismissal, including, substantial or continued diminution of the estates and absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy timely any filing

or reporting requirements, failure to timely provide information requested by the United States Trustee, failure to timely pay post-petition taxes, or failure to pay fee required under title 28.  11 U.S.C. §1112(b)(4).  This list is not exhaustive. *In re State Street Assoc.,* 348 B.R. 627 (Bankr. N.D.N.Y. 2006) citing *In re 3 Ram, Inc.,* 343 B.R. 113 (Bankr. E.D. Pa. 2006)).  *See also in re The 1031 Tax Group, LLC.,* 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (a case may be dismissed for reason other than those specified in section 1112(b), as long as the reason establish "cause").  Although decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2004 ("BAPCPA"), Second Circuit authority providing that the list of pre-BAPCPA section 1112(b) was illustrative rather than all-inclusive is still applicable.  *In re C-TC 9th Avenue Partnership,* 113 F.3d 1304 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 filing upon a find that the case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)).

29.     With limited exceptions, Bankruptcy Code section 1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in section 1112(b)(4) exists.  The mandatory language of section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion.  "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)."  *In re TCR of Denver, LLC,* 338 B.R. 494, 498 (Bankr. D. Colo. 2006).  There are only two exceptions to the mandatory conversion or dismissal.  The first is found in section 1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving " unusual circumstances specifically identified by the court."  The second exception is found in

section 1112(b)(2), and it operates to enable the debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, the section exception is inapplicable if cause exists under section 1112(b)(4)(a) (substantial or continuing loss to the estate).

30. Of the enumerated factors set forth at Bankruptcy Code section 1112(b), the following apply to the facts of this case:

> Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (*see* 11 U.S.C. §1112(b)(4)(A));

31. Although not enumerated as cause under 1112(b), the United States Trustee also submits that the Debtor's case is a classic "bad faith" filing because the Debtor is attempting to use the bankruptcy court as a litigation tactic.

## ARGUMENT

**The Debtor has shown continuing losses and there Is no Likelihood of Rehabilitation**

32. A continuing loss to the estate and an absence of a likelihood of rehabilitation constitutes cause for the dismissal or conversion of a chapter 11 case. 11 U.S.C. §1112(b)(4)(A). Recognizing that the fundamental purpose of chapter 11 is to reorganize operations, courts have found cause to convert cases to chapter 7 under former section 1112(b)(1) where debtors have ceased operating or seek to self-liquidate their assets. *See In re Loop Corp.,* 290 B.R. 108 (D. Minn 2003), *aff'd* 379 F.3d 511 (8th Cir., 2004)(affirming

Bankruptcy Court's order converting liquidating chapter 11 case to chapter 7); *In re East Coast Airways, Ltd.,* 146 B.R. 325, 326 (Bankr. E.D.N.Y. 1992)("[a]bsent a reasonable amount of assets and a feasibly operating business, there is no reason for continuing a corporate debtor in chapter 11").

33. "To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." *In re AdBrite Corp.,* 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). There need not be significant diminution to satisfy the first prong of section 11 U.S.C. §1112(b)(4)(A) *See East Cost Airways, surpa.,* 146 B.R. at 336; *In re Kanterman,* 88 B.R. 26, 29 (S.D.N.Y. 1988).

34. In the instant case, the Debtor's operating reports demonstrate that the Debtor is a non-operational entity. The sum of $400 from an undisclosed source was deposited into the DIP bank accounts for each of the months of May and June 2023. The disbursements in each of the months do not indicate any activity related to the business. When the Debtor filed a motion seeking approval of the Access Agreement, it was touted as a method by which the Debtor would obtain cash flow while the case proceeded. However, as the Docket shows, the Condominium alleges that the Debtor has breached the Access Agreement, resulting in additional litigation and additional litigation costs, thereby causing the accrual of post-petition attorneys' fees, which increased the Debtor's expenses and depleted any cash flow. Moreover, because the Debtor has no operating business, there is no other source of funding, so the Debtor will continue to accrue administrative expenses, including the legal fees. As such, the longer the Debtor remains in chapter 11 the greater the administrative insolvency. Hence, the Debtor is

suffering a continuing diminution of the estate, thereby satisfying the first prong of Bankruptcy Code section 1112(b)(4)(A).

35.     Continuing losses and a diminution in the value of the of the estate constitutes cause under 11 U.S.C. §1112(b)(4)(A), and because this enumerated provision of the Bankruptcy Code that does not fall with the exceptions set forth 11 U.S.C. §1112(b), a finding of cause under Bankruptcy Code section 1112(b)(4)(A) requires conversion or dismissal of the case.

**The Case is a Classic Bad Faith Filing and Should Be Dismissed**

36.     A chapter 11 case may be dismissed if cause can be established under § 1112(b)(4) that the Debtor commenced its case in "bad faith or that the case demonstrates attributes of bad faith." *In re 221-06 Merrick Blvd. Assocs. LLC*, 2010 WL 5018265, at 1; See *In re C-TC 9th Ave. Partnership,* 113 F.3d 1304, 1311 (2d Cir. 1997) (holding that the court may dismiss a chapter 11 filing on motion or *sua sponte* upon finding that the filing was in "bad faith," even without consideration of factors set forth in Section 1112(b)); *In re D&G Construction Dean Gonzalez, LLC*, 635 B.R. 232, 238 (Bankr. E.D.N.Y 2021) (Trust, C.B.J.) ("The Second Circuit has held that a bad faith filing constitutes cause for dismissal or conversion of a chapter 11 case.").

37.     Moreover, the Second Circuit in *C-TC 9th Ave*. stressed that the purpose of a bankruptcy filing was to " . . . assist financially distressed business enterprises by providing them with breathing space to return to a viable state." *C-TC 9th Ave*. 113 F3d at 1310 citing *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1071 (5th Cir.1986) "[I]f there is not a potentially viable business in place worthy of

protection and rehabilitation, the Chapter 11 effort has lost *its raison d'etre* ...." *Id.* (internal cites

omitted). In short, the Second Circuit affirmed the dismissal of the debtor's case after

determining that the timing of the filing evidenced a scheme to use the bankruptcy filing as a

litigation tactic to delay the enforcement of a state court judgment.

> 38. The Second Circuit also highlighted eight factors as indicative of a bad

faith filing:

> > (1) The Debtor has only one asset; (2) The Debtor has few
> > unsecured creditors whose claims are small in relation to those of
> > the secured creditors; (3) The Debtor's one asset is subject of a
> > foreclosure action as a result of arrearages or default on the debt;
> > (4) The Debtor's financial condition is, in essence, a two-party
> > dispute between the Debtor and secured creditors which can be
> > resolved in the pending state court foreclosure action; (5) The
> > timing of the Debtor's filing evidences an intent to delay or
> > frustrate the legitimate efforts of the Debtor's secured creditors to
> > enforce their rights; (6) The Debtor has little or no cash flow; (7)
> > The Debtor cannot meet current expenses including the payment of
> > personal property and real estate taxes; and (8) The Debtor has no
> > employees.

*C-TC 9th Ave, supra.,* 113 F3d. at 1311.

> 39. In short, a lack of good faith can be found when the debtor's filing

evidences a misuse of the Bankruptcy Court's jurisdiction. Here, the Debtor filed its case the

day after or on the same day that the Debtor signed the complaints in the State Court Actions.

As set forth herein, the State Court Actions concern the enforcement of state court contractual

rights, and but for the coincidental filing of the instant bankruptcy case, the State Court Actions

would be adjudicated in New York State Supreme Court..

40. The Debtor's post-petition actions also demonstrates that there is no reorganization in process. The Debtor's principal paid the initial retainer, which was the amount of the filing fee. The Debtor has had no earnings for the last two years, and post-petition no cash flow, other than $400 monthly from an undisclosed source. The Debtor's expenses, as set forth on its May and June 2023 monthly operating reports, are not business related. The Debtor's debt structure consists of potential counter-claims and a small amount of money owed to trade creditors. However, most of the Debtor's liabilities are scheduled as unliquidated, disputed, contingent, and in unknown amounts. The timing of the bankruptcy filing, which was apparently coordinated to track the newly commenced State Court Actions, evidences that the bankruptcy filing was engineered to use the bankruptcy court's jurisdiction to adjudicate non-core state law claims.

41. With respect to the enumerated factors cited by the Second Circuit in *CT-9*, several are present in the Debtor's bankruptcy case. Other than the Unit, which is the subject of a foreclosure action, the Debtor's other assets appear to be an insignificant amount of equipment and collectables, and a substantial amount litigation against various parties. The Debtor's monthly operating reports demonstrate that there is no on-going business, the Debtor does not have the financial ability to meet its current expenses, and the Debtor has no employees.

42. Accordingly, the Debtor's bankruptcy should be dismissed as a bad faith filing or converted to a case under Chapter 7.

43. In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an Order dismissing this chapter 11 case, or in the alternative, converting this case to one under chapter 7 of the Bankruptcy Code.

**The Debtor Will Be Unable to Satisfy Its Burden of
Proof Concerning Unusual Circumstances**

44.     Under 11 U.S.C. §1112(b), the court may not convert or dismiss if the court identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the debtor establishes that (i) there is a reasonable likelihood that a plan will be confirmed within certain timeframes, and (ii) the grounds for converting or dismissing include an act or omission (other than continuing losses under paragraph (4) (A)), for which there is a reasonable justification and the act or omission will be cured within a reasonable period of time.  Upon a finding of cause and determination that the limited exceptions do not apply " . . .dismissal or conversion is mandatory – the Court must dismiss or convert the chapter 11 case." *In re Adamo,* 2016 WL 859349 *10 (Bankr. E.D.N.Y. Mar. 4 2016).

45.     Section 1112(b)(2) places the burden of proof of unusual circumstances on the debtor and requires the debtor establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time.

46.     In the instant case, because cause has been established under Bankruptcy Code section 1112(b)(4)(A), the Debtor does not have the option of demonstrating special circumstances to avoid conversion or dismiss of its case (see 11 U.S.C.§ 1112(b)(2)).  Moreover, because the Debtor' s case was filed for an improper purpose, and the facts demonstrate that there is no reorganization in process, the United States Trustee submits that the Debtor will be unable to satisfy its burden that there are unusual circumstances.

## <u>CONCLUSION</u>

47.     The Debtor's case was filed for an improper purpose  --  that is to use the Bankruptcy Court's jurisdiction in an attempt to litigate the State Court Actions.  The Debtor has

no operations and no cash flow, and there is no reorganization that is in process.  The longer the Debtor remains in chapter 11 the greater the administrative insolvency.  It is respectfully submitted that the Debtor's case be converted to one under chapter 7 of the Bankruptcy Code, or in the alternative dismissed.

WHEREFORE, the United States Trustee respectfully requests that its motion be granted in its entirety and that the Court grant such other and further relief as may be just and proper.

DATED:  Central Islip, New York
        August 9, 2023

WILLIAM K. HARRINGTON
 UNITED STATES TRUSTEE REGION 2
Alfonse D'Amato U.S. Courthouse
560 Federal Plaza
Central Islip, New York 11722
Telephone (631) 715-7800

By:  s/*Christine H. Black*
      Christine H. Black, Esq.
      Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT`                         Hearing Date and Time:
EASTERN DISTRICT OF NEW YORK                            September 7, 2023 @ 10 a.m.
--------------------------------------------------------x  Objections Deadline
In Re                                                   August 31, 2023

**Green Point Management Systems, LLC.,**               Case No.  23-71078-las

        Debtor.

--------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

     I,  Joann C. Lomangino am employed by the Office of the United States Trustee for the

Eastern District of New York, and hereby certify that on August 9, 2023 I served a true copy of

the annexed Notice of Motion in Support of Motion Under Bankruptcy Code section 1112(b)

Seeking  Entry of an Order Converting the Within Case to a Case Under Chapter 7 of the

Bankruptcy  Code; or in the Alternative, Dismissing the Within Case, by depositing same in a

sealed envelope, in the custody and control of the U.S. Postal Service with proper first class

postage pre-paid  affixed thereon, addressed to the last known address of the addressees listed on

the attached service list.

Dated:  Central Islip, New York
        August 9, 2023

                                      ***/s/ Joann C. Lomangino***
                                      Paralegal Specialist

## Service List

Green Point Management Systems, LLC
293 Bayport Avenue
Bayport, NY 11705

Ilevu Yakubov
Jacobs PC
595 Madison Ave FL 39
New York, NY 10022

Adam Neumann
c/o Adam Endick
Vinson & Elkins, LLP
1114 6th Avenue
New York, NY 10036

Charles Feit
325 Fifth Avenue
New York, NY 10016

CMS Monitoring
120 Smith St
Farmingdale, NY 11735

Columbia Capital Co
60 East 42nd Street, 46th Floor
NY NY 10165-0043

Columbia Capital Co.
60 East 42nd Street, 46th floor
New York, NY 10165

Elie Tahari
c/o Joanna Cohen
Ellenof Grossman & S
1345 6th Avenue
New York, NY 10105

Green Point Energy Inc.
293 Bayport Avenue
Bayport, NY 11705

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101

New York State Department of Taxation & Finance
Bankruptcy Section
P O Box 5300
Albany New York 12205-0300

NY State Department of Tax
& Finance Bankruptcy Section
P.O. Box 5300
Albany, NY 12205

NYC Department of Taxation
& Finance
One Center Street 22nd Floor
New York, NY 10007

RealTegrity
43-07 Greenpoint Avenue
Sunnyside, NY 11104

Suffolk County Comptroller
100 Veterans Memorial Hwy
Hauppauge, NY 11788