**EXHIBIT B**

**BIDDING PROCEDURES ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

**GREEN POINT MANAGEMENT
SYSTEMS LLC**,      Case No: 23-71078-las
                    Chapter 11

      Debtor.

-------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE (i) APPROVING BID PROCEDURES, (ii)
SCHEDULING AN AUCTION AND SALE HEARING FOR THE DEBTOR'S
PROPERTY AT 231 NORMAN AVENUE, BROOKLYN, NEW YORK, AND
(iii) APPROVING THE FORM AND MANNER OF NOTICE OF AUCTION
AND SALE; AND (B) SCHEDULING A HEARING TO APPROVE THE
SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS
AND ENCUMBRANCES AND "AS IS" AND "WHERE IS"**

Upon the Motion, (the "Motion")[1] of Greenpoint Management Systems LLC (the "Debtor"), seeking entry of (A) an order, pursuant to Sections 105(a) and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) approving the bid procedures (the "Bid Procedures"); (ii) scheduling an Auction and Sale Hearing of the Debtor's property at 231 Norman Avenue, Brooklyn, New York (the "Property"); (iii) approving the form and manner of notice of the Auction and Sale Hearing and (B) an order scheduling a hearing to authorize the sale of the Property free and clear of all liens, claims and encumbrances, but otherwise "as is" and "where is" to the ultimate successful bidder at Auction; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein; and due and proper notice of the Motion having been provided and no further notice being required;

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

and a reasonable opportunity to object or be heard regarding the relief requested in the Motion as it relates to the proposed Bid Procedures and scheduling of the Auction and Sale Hearing having been given; and objections, if any, to the Motion as it relates to the foregoing having been resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtor's estate and its creditors; and upon Court's review of the Motion and the record of all proceedings held in the above-reference case; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

D. The Court has jurisdiction over this Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

E. The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

F. The proposed Auction and Sale Hearing Notice will constitute due, adequate, and timely notice of the Bid Procedures, the Auction, and the Sale Hearing in accordance with Bankruptcy Rule 2002.

G. The Debtor has articulated good and sufficient reasons for approving the Bid Procedures.

H. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing the value of the Property.

K. Entry of this Order is in the best interests of the Debtor's estate, its creditors, and other parties in interest, as the Debtor will solicit the highest and best offer for the Property in accordance with the Bid Procedures.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion, solely as it relates to: (i) approving the Bid Procedures; (ii) scheduling the Auction and Sale Hearing; (iii) approving the form and manner of notice of the Auction and Sale Hearing, as more fully set forth in the Motion, is hereby granted to the extent provided herein; and (iv) authorizing the Debtor to enter into a Sale Agreement with the Successful Bidder to sell the Property free and clear of all liens, claims, interests and encumbrances (collectively, the "Liens"), with such Liens to attach to the proceeds of the sale of the Property (the "Sale") with the same validity or invalidity as determined by the Court and in the same priority that existed prior to the Sale, and such Liens remaining in place pending closing of the Sale and disbursement of the sale proceeds, and "as is" and where is" is hereby granted to the extent provided herein.

2. The (a) Bid Procedures are hereby authorized and approved in all respects and incorporated herein by reference. All proceedings related to: (i) the

submission, consideration, qualification and acceptance of Qualified Bids; (ii) the conduct of the Auction; and (iii) the identification and determination of the Successful Bidder and, if any, Back-up Bidder or Second Back-up Bidder, shall be governed by and conducted in accordance with the Bid Procedures.

3. Any individual or entity wishing to submit an offer for the Property must do so in accordance with the terms of the Bid Procedures by the Bid Deadline of **_____, 2023 by 5:00 p.m. (Prevailing Eastern Time)**. The failure in this Order to include specific reference to any particular provision, section or article of the Bid Procedures shall not diminish or impair the effectiveness of the Bid Procedures, it being the intent of this Court that the Bid Procedures be authorized and approved in their entirety and incorporated herein by reference.

4. The Bid Procedures and the Notice of Auction and Sale Hearing are hereby approved in the forms annexed as <u>Exhibit A</u> and <u>Exhibit C</u>, respectively, to the Motion.

5. The objections, if any, to entry of this Order, that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are overruled in their entirety.

6. The Debtor may conduct the Auction in accordance with the Bid Procedures.

7. The Auction, if required, shall commence at **10:00 a.m. (Prevailing Eastern Time) on _____** at Jacobs P.C., 595 Madison Avenue, New York, NY 10022.

8. Objections, if any, to the sale of the Property and any filed supplements thereto shall: (i) be in writing; (ii) specify with particularity the basis of the

5

objection; and (iii) be filed with the Court and simultaneously served on: (i) the undersigned counsel to the Debtors, Jacobs P.C., 595 Madison Avenue, 39th Floor, New York, NY 10022 (ii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, so as to be actually received no later than _____, **2023 by 5:00 p.m. (Prevailing Eastern Time)**.

9. The Court shall conduct the Sale Hearing and consider any unresolved objections to the Sale, including the Debtor's selection of a Successful Bidder at the Auction, on _____, **2023 at \_:\_\_ .m. (Prevailing Eastern Time).**

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), and enforceable upon its entry, no automatic stay of execution shall apply to this Order.

11. If there is any inconsistency between any term or provision of the Bid Procedures and any term or provision of this Order, then, solely, to the extent of such inconsistency, this Order shall govern.